michaelnesbittple

LEONARDO M. RAPADAS
United States Attorney
RYAN M. ANDERSON
Special Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
FEB -5 2007
MARY L.M. MORAN
CLERK OF COURT

FILED
DISTRICT COURT OF GUAM
JAN 26 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) MAGISTRATE CASE NO. 07-00006 |
|---|---|
| Plaintiff, | ) |
| vs. | ) **AMENDED** |
| MICHAEL NESBITT, | ) **PLEA AGREEMENT** |
| Defendant. | ) |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, MICHAEL NESBITT, enter into the following plea agreement:

1. The defendant, MICHAEL NESBITT, agrees to enter a guilty plea to an Information charging him with Entering Military, Naval, or Coast Guard Property, in violation of Title 18, United States Code, Section 1382. Following the sentencing phase of this case, the United States will dismiss the Information in Criminal Case No. 06-00111.

2. The defendant understands that the <u>maximum</u> sentence for Entering Military, Naval, or Coast Guard Property, in violation of 18 U.S.C. § 1382, as a Class B misdemeanor as specified in 18 U.S.C. § 3559, is imprisonment for not more than six (6) months and a maximum fine of $5,000.00, as specified in 18 U.S.C. § 3571, together with any restitution as the court may order, and a $10 special assessment fee as set forth in 18 U.S.C. § 3013. The $10 special assessment fee must be paid upon sentencing.

3. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant understands that to establish a violation of Entering Military, Naval, or Coast Guard Property, in violation of Title 18, United States Code, Section 1382, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant went upon a United States military reservation; and

<u>Second</u>, the defendant made the entry for a purpose prohibited by law or lawful regulation. *[initials]*

5. The government and the Defendant stipulate to the following facts for purposes of the sentencing:

a. The defendant was born in 1973 and is a citizen of the United States.

b. That on or about April 25, 2006, in the District of Guam, the defendant, MICHAEL NESBITT, went upon a United States military reservation, to wit, U.S. Naval Base Guam, with knowledge that the defendant, MICHAEL NESBITT, needed and did not have authorization to do so.

6. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will determine an appropriate sentencing range. The defendant acknowledges that should there be discrepancies sentencing range, projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

7. The defendant agrees to waive any right to appeal or to collaterally attack his conviction. The defendant reserves the right to appeal the sentence actually imposed in his case.

- 2 -

Case 1:07-mj-00006   Document 9   Filed 02/05/2007   Page 2 of 4

8. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into the plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

  a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

  b. His right to be represented by an attorney;

  c. His right to plead not guilty and the right he may have to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

  d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into the plea agreement, he waives, that is, gives up, the right to a trial;

  e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in a prosecution for perjury or false statement if an answer is untrue;

  f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from his plea agreement;

  g. That he reads, writes and speaks the English language and has no need for an interpreter;

  h. That he has read the plea agreement and understands it; and

//
//
//
//
//

- 3 -

i. The Defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 1·24·07

_____
MICHAEL NESBITT
Defendant

DATED: 1/24/07

_____
RICHARD ARENS
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 1/26/07    By: _____
RYAN M. ANDERSON
Special Assistant U.S. Attorney

DATED: 1/25/07

_____
JEFFREY J. STRAND
First Assistant U.S. Attorney

- 4 -